UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN FOX,

    Petitioner,                                    Case Number: 10-CV-10362
                                                      Honorable David M. Lawson

v.

MICHAEL CURLEY,

    Respondent.
_____/

**OPINION AND ORDER GRANTING REQUEST TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

On January 26, 2010, the petitioner, Norman Fox, through counsel, filed a combined petition for writ of habeas corpus under 28 U.S.C. § 2254 and a request to stay the proceedings. The petitioner is presently confined at the Ojibway Correctional Facility in Marenisco, Michigan. He alleges that his constitutional rights were violated when he was convicted, following a jury trial, of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a)-(b). Among other claims, the petitioner alleges that his counsel was ineffective and that the state violated his due process rights by failing to present certain significant evidence. The petitioner is presently seeking a stay of these proceedings in order to permit him to complete post-conviction proceedings in the state courts. For the reasons stated below, the Court will grant the petitioner's request, stay the petition, establish conditions under which the petitioner must proceed, and administratively close the case.

I.

The petitioner was convicted of the above offenses following a jury trial in the Oakland

county, Michigan circuit court. He was sentenced as a habitual offender, second offense, Mich. Comp. Laws § 769.10, to concurrent terms of fifteen to thirty years on the first-degree convictions and ten to twenty-two and a half years on the second-degree convictions. In his direct appeal, the petitioner challenged the effectiveness of trial counsel regarding a stipulation to a consolidation of two cases. His convictions were affirmed on appeal. *People v. Fox*, No. 244936, 2004 WL 1259721 (Mich. Ct. App. June 8, 2004); *People v. Fox*, 471 Mich. 952, 690 N.W.2d 107 (Table) (2004).

On March 29, 2006, the petitioner filed a post-conviction motion for relief from judgment with the Oakland county, Michigan circuit court. Both the trial court and the Michigan Court of Appeals denied the petitioner post-conviction relief. *People v. Fox*, No. 2002-183849-FC (Oakland Co. Cir. Ct. Mar. 5, 2008); *People v. Fox*, No. 289324 (Mich. Ct. App. Mar. 9, 2009). The petitioner's post-conviction appeal remains pending in the Michigan Supreme Court. The petitioner filed the present petition on January 26, 2010.

## II.

The present petition is subject to dismissal because it contains claims that, by the petitioner's admission, have not been exhausted with the state courts. The petitioner has asked this Court to hold the instant petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust claims that were not presented to the Michigan appellate courts as part of the direct review process.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d

155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claim. The petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no

state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

The petitioner raised his ineffective assistance of trial counsel claim in the Michigan Court of Appeals and in the Michigan Supreme Court. He concedes, however, that his direct appeal did not raise certain other aspects of his ineffective assistance of counsel claim directed at his trial counsel; did not raise his ineffective assistance of appellate counsel claim; and did not raise a newly discovered evidence claim, a due process spoliation of evidence claim, and a cumulative due process claim. The petitioner raised all of his claims in the motion for post-conviction relief filed in Oakland county circuit court on March 29, 2006. Therefore, his habeas petition is a "mixed" petition of exhausted and unexhausted claims. Federal courts ordinarily are required to dismiss a habeas petition containing both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), but a dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings, provided there is good cause for the failure to exhaust claims and reasonable time limits are imposed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In this case, the Court finds a dismissal of the petition may render subsequent petitions in this Court untimely. *See* 28 U.S.C. § 2244(d)(1). Although the petitioner filed the present petition on January 26, 2010, the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the

one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *Griffin v. Rogers*, 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

In this case, the dismissal of the petition, even without prejudice, may preclude future consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied the petitioner's application for leave to appeal on December 29, 2004. The petitioner's convictions became final ninety days later, on March 29, 2005, when the time during which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, March 30, 2005. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). One day before it expired, on March 29, 2006, the petitioner filed his motion for post-conviction relief in the Oakland county circuit court, thereby stopping the
-5-

limitations clock. 28 U.S.C. § 2244(d)(2). The petitioner filed the present petition before the clock resumed running and while his application for leave to appeal remained pending in the Michigan Supreme Court. Thus, if the Court does not toll the limitations period during the pendency of this petition, there is a palpable risk that the limitations period will have expired and any subsequent habeas petition filed by the petitioner would be untimely.

The Supreme Court has instructed that stay and abeyance is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. The petitioner satisfies all of these requirements. The petitioner states that his claim was not presented as a federal constitutional claim in the state courts because his appellate attorney was ineffective. The alleged ineffectiveness of appellate counsel constitutes "good cause" to justify holding a habeas petition in abeyance during the petitioner's return to state court. Moreover, the petitioner's new claim is not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay.

### III.

To avoid injustice, the Court will allow the petitioner to return to state court to exhaust his unexhausted claim and the Court will stay further proceedings in the current action, provided that the petitioner acts promptly thereafter. *See Palmer*, 276 F.3d at 781.

Accordingly, it is **ORDERED** that consideration of the petitioner's habeas corpus petition [dkt # 1] is **HELD IN ABEYANCE**.

The case shall then be held in abeyance pending the petitioner's exhaustion of the unexhausted issues. The petitioner shall file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one (21) days** thereafter. If, and when, the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Dated: February 10, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2010.

                        s/Teresa Scott-Feijoo
                        TERESA SCOTT-FEIJOO